Gerald Lewis Benton and Jeannette Benton v. Commissioner.
Benton v. Commissioner
Docket No. 4373-63.
United States Tax Court
T.C. Memo 1965-291; 1965 Tax Ct. Memo LEXIS 38; 24 T.C.M. (CCH) 1622; T.C.M. (RIA) 65291; November 4, 1965
Gerald Lewis Benton, pro se, 100 McAllister St., San Francisco, Calif. Martin A. Schainbaum, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: Respondent determined a deficiency of $280.24 in the income tax of the petitioners, Gerald Lewis Benton and Jeannette Benton, for the taxable calendar year 1961. These petitioners are husband and wife residing in San Mateo, California. They filed a joint Federal income tax return for the year 1961, with the district director of internal revenue at San Francisco. The issues for decision are whether the respondent erred in disallowing the following deductions which were claimed by the petitioners on their joint income tax return for said taxable year: 1. A deduction of $480, alleged to represent a charitable contribution to The Bullmastiff Breeders Society of America. 2. A deduction of $76, alleged to represent legal expenses paid in connection with a claimed business of breeding bullmastiff dogs. 3. A deduction of $176.60, alleged to represent veterinarians' fees *40 paid in connection with such a dog breeding business. One other issue raised by the pleadings, pertaining to respondent's disallowance of a deduction of $439 for the cost of the funeral of the mother of petitioner Jeannette Benton, has been eliminated by petitioners' expressed abandonment of the same both at the trial and on brief. Our separate Findings of Fact and Opinion respecting each of the above issues are as follows. Re Issue 1 - Deduction for charitable contribution to Bullmastiff Breeders Society In 1957, petitioners and certain other persons organized an unincorporated society, named The Bullmastiff Breeders Society of North America, for the benefit of persons interested in bullmastiff dogs - being a breed that is relatively uncommon in the United States and other parts of North America. In 1960, the name of this society was changed to The Bullmastiff Breeders Society of America; and in 1962 (subsequent to the taxable year involved), the Society was incorporated under California law as a nonprofit organization, with the name of The Bullmastiff Breeders Society of America, Inc. Following such incorporation, the Internal Revenue Service granted the Society an exemption *41 from Federal income taxes, under section 501(c)(7) of the 1954 Code - which section pertains to "Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes * * *." Petitioner Gerald Benton took the position that such classification was erroneous; and that instead, the Society should have been granted exemption under section 501(c)(3) (which pertains, among other things, to corporations organized and operated exclusively for educational purposes); but up until the time of the trial herein, no such change of classification had been granted by the Internal Revenue Service. Said Society, at all times from its organization in 1957 and continuing throughout the taxable year here involved, was not financially successful; and for its fiscal year beginning on July 1, 1961, and ending on June 30, 1962, it had a deficit from its operations in an alleged amount of about $1,373. Petitioner Gerald Benton, who at that time was the president of the Society, claimed to have personally reimbursed the Society for all of such deficit. In this connection, he claimed a deduction of $480 on his 1961 income tax return as a charitable contribution to the Society, *42 which amount was alleged by him to represent a portion of his reimbursement of the said deficit. He testified that this amount was paid by him "in little bits at a time" during the year 1961, in satisfying various miscellaneous expenses of the Society (such as postage stamps and telephone bills). The respondent disallowed said claimed charitable deduction on two grounds: (1) That petitioners had failed to substantiate any of such claimed expenditures, either as to their dates, amounts or character; and also (2) that petitioners had failed to establish that the Bullmastiff Breeders Society was an organization of the type for which charitable contributions are deductible under section 170 of the 1954 Code. At the trial herein, petitioners had the burden of establishing error in the respondent's determination wherein the claimed charitable deduction was disallowed; but they failed to present any competent evidence, which met or tended to meet either of the above challenges of the respondent, or which served to establish any error in the respondent's determination. In such circumstance, we are impelled to decide this first issue in favor of the respondent, on the ground that petitioners *43 have failed to carry their burden of proof. Re Issues 2 and 3 - Claimed business deductions for legal expenses and veterinarian fees During the taxable year 1961, the petitioners owned only three bullmastiff dogs - one male and two females. They did not sell any dogs during said year; and also they did not derive any income in said year from breeding their dogs. The only income which they reported in their 1961 income tax return consisted of $8,148 which Gerald received as wages or salaries from certain corporations from services as an engineer; and $4,233.84 which Jeannette received from the Department of the Army as wages for civilian services. On their 1961 income tax return, petitioners claimed deductions for expenses incurred in a business of dog breeding, as follows: (a) Legal expenses of $76, representing $50 alleged to have been paid to an attorney in connection with a lawsuit to enforce payment for a dog sold in 1960; and $26 alleged to have been expended for photostating and otherwise duplicating certificates and other documents used in connection with the above-mentioned lawsuit. (b) Veterinarian fees totaling $176.60 alleged to have been paid to two veterinaries *44 in connection with breeding their dogs. The respondent disallowed both of these claimed deductions, on two grounds: (1) That petitioners' alleged payments were not ordinary and necessary expenses for which any deduction is allowable under sections 162 or 212 of the 1954 Code, as distinguished from personal or hobby expenses for which no deduction is allowable; and also (2) that petitioners had failed to substantiate either the dates or the amounts of the alleged payments. As to these Issues 2 and 3 also, petitioners failed to present at the trial herein, any competent evidence which suffices either to meet the above challenges of the respondent, or which tend to establish any error in the respondent's disallowance of the claimed deductions. Accordingly, by reason of petitioners' failure of proof, we decide each of these two issues in favor of the respondent. Decision will be entered for the respondent.